**SPX CORPORATION, Plaintiff,**

v.

**BARTEC USA, LLC, Bartec Auto ID Ltd., Schrader–Bridgeport International, Inc., Myers Tire Supply Distribution, Inc., Defendants.**

No. 06–14888.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 2, 2008.

Marc Lorelli, Robert C.J. Tuttle, Brooks Kushman, Southfield, MI, for Plaintiff.

David A. McClaughry, Michael P. Doerr, Harness, Dickey, Troy, MI, for Defendants.

## OPINION AND ORDER GRANTING MOTION TO COMPEL DISCOVERY OF ATTORNEY DOCUMENTS RELATING TO OPINIONS OF COUNSEL

DAVID M. LAWSON, District Judge.

This matter is before the Court on the plaintiff's renewed motion for an order compelling defendant Bartec USA, LLC (Bartec) to produce various documents withheld on the basis of the attorney-client privilege and work-product doctrine. In this patent infringement action, plaintiff SPX Corporation (SPX) alleges that Bartec copied its design for a handheld tool used in servicing tires on motor vehicles equipped with remote tire monitoring systems. The plaintiff originally moved to compel the production of counsel's opinions in early June 2007. The defendant opposed this request for a time but eventually agreed to produce various attorney-client communications following its definitive election to rely on an advice-of-counsel defense to the plaintiff's charge of wilful infringe-

ment. Bartec made that election within the deadline set by the Court; however, the defendant did not furnish all of the information sought by the plaintiff, and the plaintiff now seeks the remaining documents. The defendant contends that the documents it has withheld do not fall within the scope of the waiver of the attorney-client and work-product privileges, but the privilege log it submitted does not allow the Court to make that determination. The Court finds that the plaintiff has overstated the scope of the privilege waiver, but the defendant has not established that the documents it seeks to protect fall outside the proper scope of the waiver recognized by the controlling cases. Therefore, the Court will grant the plaintiff's motion and order production of the documents.

## I.

SPX filed its complaint with this Court on October 30, 2006. The named defendant at that time was Bartec USA, LLC, and the plaintiff asserted one count for willful infringement of U.S. Patent 6,904,796 (the '796 patent). The '796 patent is for a handheld tool that helps motor vehicle mechanics in rotating and changing tires on vehicles equipped with "remote tire monitoring systems." *See* Compl., Ex. A, U.S. Patent 6,904,796. In a nutshell, remote tire monitoring systems (RTMS) measure the air pressure in tires through sensors and then transmit that data to an instrument in the passenger compartment, signaling to the driver when air pressure is low. The patented tool is useful because tires with RTMS cannot simply be rotated like traditional tires; they must be electronically calibrated after rotation. Not only does the patented tool facilitate this process, but it can be utilized with *any* remote tire monitoring system, no matter the tire or vehicle, saving mechanics hundreds of dollars that would otherwise be spent on a range of brand-specific tools.

On December 5, 2006, Bartec filed its answer and counterclaims seeking declaratory relief asserting that the '796 patent was invalid, unenforceable, or both, and its product did not infringe the '796 patent.

Following a period of discovery, SPX filed an amended complaint on April 2, 2007 adding as defendants Bartec Auto ID, Ltd.,

Schrader–Bridgeport International, Inc., General Parts, Inc., and Myers Tire Supply Distribution, Inc. Bartec Auto ID, a British company, is the parent corporation of Bartec, and the other added defendants are entities that allegedly were involved in the distribution and sale of Bartec's infringing product. Once more, SPX asserted that the infringement was willful. Bartec renewed its counterclaims for invalidity, unenforceability, and non-infringement. The other defendants answered the amended complaint shortly thereafter, with Bartec Auto ID joining in the counterclaims interposed by Bartec. In June 2007, Bartec Auto ID filed an amended answer wherein it asserted invalidity and unenforceability on the additional grounds that the '796 patent was obtained through inequitable conduct before the PTO because the applicants had intentionally failed to disclose two prior patents in an attempt to mislead the PTO. The pleadings were amended once again in August 2007. On August 27, 2007, the Court issued an order dismissing the case against General Parts pursuant to the parties' stipulation.

Throughout this process, the parties engaged each other in discovery disputes. The plaintiff filed a motion to compel in March 2007 (decided by Magistrate Judge Steven Pepe in April), and then filed two motions to compel discovery in May and another in June. Magistrate Judge Pepe ruled on the first two motions on July 11, 2007, and this Court held a hearing in mid-August on the third, which, like the present motion, sought to compel the production of all communication relating to the possible invalidity, unenforceability, and non-infringement of the '796 patent given by counsel to Bartec.

In its original and renewed motions, SPX observes that on February 7, 2006, Ryan Massey, one of Bartec's attorneys, sent a letter to Robert Gilling of G–5 Electronics, LLC (the predecessor of SPX to the '796 patent), advising him that the '796 patent was invalid as preempted by prior art and potentially unenforceable due to inequitable conduct before the PTO. In the letter, Massey acknowledged that he "recently provided Bartec USA and Bartec Auto ID Limited with our opinion that the claims of [the] '796

patent are invalid." Mot. to Comp., Ex. B, Opinion Letter at 1. Massey then proceeded at length to support his view that the patent was invalid and unenforceable.

This was not a typical "opinion letter" as that term is used in patent parlance. A typical opinion letter is prepared by opinion counsel and directed to his client; the letter quoted above was prepared by opinion counsel but directed to the accusing party. Nevertheless, the parties regularly refer to the above document as the predicate "opinion letter," and, although Massey makes mention of similar advice given directly to his clients (and Bartec acknowledges that there was another letter), no other letter has been produced to the Court.

Based on the February 7, 2006 letter and its belief that Bartec was attempting to rely on an advice-of-counsel defense, SPX filed its original motion asking the Court "to order (1) that Bartec has already waived privilege by issuance of the February 7, 2006 advice of counsel letter and direct disclosure of all attorney-client communications on the subject, or alternatively (2) bar Bartec from reliance in any way on the February 7, 2006 letter in defense of SPX's willful infringement claims." Mot. to Compel at 2.

By the time SPX filed its motion, however, the issue already had received some attention by Magistrate Judge Pepe. On April 12, 2007, the magistrate judge heard oral argument on SPX's motion to compel responses to interrogatories, leading to the following exchange:

MR. LORELLI: Interrogatory No. 6 was asking for information regarding opinions of counsel.

THE COURT: Right. This is on the willfulness, reliance—yes.

MR. LORELLI: Correct. They supplemented their interrogatory answer saying that there was—and referenced a written opinion from a Ryan Massey on or about February 7th, 2006. Now it just so happens that Ryan Massey sent a letter to the plaintiff on February 7th, 2006. If that's the opinion that the plaintiff is referring to, or if there's another opinion, the fact that they sent it to the plaintiff really waives whatever else was provided to the client.

. . .

MR. DOERR: And, Your Honor, I think I can provide some clarity on that issue. There were two communications, in other words Mr. Lorelli was I think asking whether that letter to Mr. Gilling was the intending letter we're referencing. And the answer is, it is not. There were two separate communications on the same day from Attorney Ryan Massey. One was directed to Mr. Gilling which plaintiff now has that correspondence and has attached it. There was a separate correspondence to the client. That communication we are asserting attorney/client privilege on and as we say in our papers—

THE COURT: You've not yet decided whether you're going to rely on the defense.

MR. DOERR: That's correct.

THE COURT: Or advice of counsel yet.

MR. DOERR: That's correct.

THE COURT: Have you talked with Judge Lawson as to whether he wants a date by which that decision must be made?

MR. LORELLI: We have not, Your Honor. But here's—here's the fundamental problem. If they intend to rely in any way on the letter that was sent to Mr. Gilling, the—that is waived. The letter that was sent to Mr. Holloway on the same date regarding the same subject matter.

MR. DOERR: I disagree with that statement, Judge. And the reason is the attorney/client privilege is done on a communication basis. In other words communication to the client is what is protected.

THE COURT: Right. If you were going to assert that you relied on advice of counsel, that opens the door to all advice of counsel.

MR. DOERR: Right.

THE COURT: If you're not going to try to assert that through the letter to—and you can't you know, protect the letter to Holloway by using the letter to Gilling as your advice of rights, or advice of counsel. But the mere fact that your—that Mr. Massey wrote a public disclosure that's not going to be the basis for your claim as a defense in this case as advice of counsel, then that does not waive private communications Mr. Massey had with his client on

whose behalf he wrote the public communication. But again if you're going to rely on the letter to Massey [sic] as part of your defense, then that will open the door to all communications to your client with regard to advice of counsel.

MR. DOERR: Okay.

THE COURT: Okay. So I guess Mr. Lorelli will have to wait until they formally indicate whether they're going to assert that defense.

Mot. to Compel, Ex. F, Tr. of 4/12/07 Hrg. before Judge Pepe at 4–7.

The matter came before this Court for a hearing on August 13, 2007, but the Court continued the hearing based on defense counsel's assertion that Bartec still had not decided whether it would rely on the advice-of-counsel defense. The Court therefore ordered Bartec to decide whether it would assert advice of counsel as a defense and notify the plaintiff and the Court of its decision by September 13, 2007.

On September 13, 2007, having received word that Bartec would be relying on the advice-of-counsel defense and that it had agreed to furnish the "documents at issue," the Court denied the motion to compel as moot. Two weeks later, however, the plaintiff filed the present motion to renew its motion to compel on the grounds that Bartec had only produced a portion of the relevant documents.

According to SPX, many of the documents listed in Bartec's most recent privilege log come within the waiver effected by Bartec's election. The privilege log provides rudimentary information but is significantly lacking in pertinent detail. It states:

***THIRD AMENDED PRIVILEGE LOG OF DEFENDANTS BARTEC USA, LLC AND BARTEC AUTO ID LIMITED FOR DOCUMENTS PRIOR TO OCTOBER 30, 2006 AND PATENT PROSECUTION FILES***

| DOC NO. | DATE | TYPE | FROM | TO | PRIVILEGE ASSERTED | SUBJECT |
|---------|------|------|------|------|--------------------|---------|
| 1 | 7/12/05 | Notes | Ryan Massey | | Work Product | Notes regarding U.S. Patent No. 6,904,796 |
| 2 | 9/13/05 | Email | Ryan Massey | Glen Harm | Attorney/ Client | Patent application prosecution |
| 2 | 9/14/05 | Email - forwarded | Glen Harm | Colin Webb | Attorney/ Client | Patent application prosecution |
| 2 | 9/27/05 | Email | Colin Webb | Charles Beal and Ryan Massey | Attorney/ Client | Patent application prosecution |
| 3 | 7/21/06 | Email | Scot Holloway | Ryan Massey and Colin Webb | Attorney/ Client | OTC/SPX presentation |
| 4 | 7/24/06 | Email | Ryan Massey | Scot Holloway | Attorney/ Client, Work Product | OTC and TIPS |
| 5 | 8/8/06 | Email | Scot Holloway | Ryan Massey and David McClaughry | Attorney/ Client | Bartec Tools |
| 6 | 8/8/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Bartec Tools |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | 8/9/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Bartec tools and letter to Garrett Miller |
| 8 | 8/10/06 | Email | Scot Holloway | David McClaughry and Ryan Massey | Attorney/ Client | Bartec Tools |
| 9 | 8/10/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Bartec Tools and letter to Garrett Miller |
| 10 | 8/14/06 | Email | Scot Holloway | David McClaughry and Ryan Massey | Attorney/ Client | Bartec tools |
| 10 | 8/14/06 | Email | David McClaughry | Scott Holloway and Ryan Massey | Attorney/ Client, Work Product | Bartec tools |
| 11 | 8/17/06 | Email | Ryan Massey | Scot Holloway and David McClaughry | Attorney/ Client, Work Product | Bartec tools and Letter to Garrett Miller |
| 12 | 8/21/06 | Email | Scot Holloway | David McClaughry and Ryan Massey | Attorney/ Client | Bartec tools |
| 12 | 8/22/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Bartec tools |
| 13 | 8/23/06 | Email | David McClaughry | Scot Holloway, Colin Webb, Ryan Massey | Attorney/ Client, Work Product | Conference with Robert Spence |

| 14 | 8/23/06 | Emails | Scot Holloway | David McClaughry, Colin Webb, Ryan Massey | Attorney/ Client | Conference with Robert Spence |
|----|---------|--------|---------------|------|------------------|---------------|
| 14 | 8/23/06 | Email | David McClaughry | Colin Webb, Scot Holloway, Ryan Massey | Attorney/ Client, Work Product | Conference with Robert Spence |
| 15 | 8/23/06 | Email | Scot Holloway | David McClaughry, Colin Webb, and Ryan Massey | Attorney/ Client, Work Product | Conference with Robert Spence |
| 16 | 8/31/06 | Email | Scot Holloway | David McClaughry | Attorney/ Client | Patent indemnity |
| 17 | 9/8/06 | Email | David McClaughry | Scott Holloway and Ryan Massey | Attorney/ Client, Work Product | Patent Indemnity |
| 18 | 9/8/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Patent indemnity |
| 19 | 9/20/06 | Email | Ryan Massey | Colin Webb and Scot Holloway | Attorney/ Client, Work Product | Inventors for TPM diagnostic tool |
| 20 | 9/27/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Patent indemnity |
| 21 | 10/3/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Indemnity Agreement |

| 22 | 10/5/06 | Email | David McClaughry | Scot Holloway and Ryan Massey | Attorney/ Client, Work Product | Indemnity agreement |
| --- | --- | --- | --- | --- | --- | --- |
| 23 | No date | Notes | Ryan Massey | | Work Product | Notes regarding Patent No. 6,904,796 |
| 24 | 3/23/07-8/3/07 | 6183-000005 | Harness Dickey | | Work Product, Attorney/ Client | Patent Prosecution Work File |
| 25 | 9/20/06-9/6/07 | 6183-000004/PS1 | Harness Dickey | | Work Product, Attorney Client | Patent Prosecution Work File |
| 26 | 8/23/06-9/20/06 | 6183-500002 | Harness Dickey | | Work Product, Attorney/ Client | Invention Disclosure Work File |
| 27 | 9/22/05-9/20/06 | 6183-000003 | Harness Dickey | | Work Product, Attorney/ Client | Patent Prosecution Work File |
| 28 | 9/13/05-9/20/06 | 6183-000002 | Harness Dickey | | Work Product, Attorney/ Client | Patent Prosecution Work File |
| 29 | 9/21/05 | 6183-000001 | Harness Dickey | | Work Product, Attorney/ Client | Patent Prosecution Work File |

Notice of Supp. Ex, Ex. 1, Third Amend. Privilege Log.

The record discloses that David McClaughry is trial counsel for Bartec, along with attorney Michael P. Doerr. According to information posted by Bartec on the Internet, Scot Holloway is General Manager for Bartec; and Colin Webb is Managing Director for Bartec Auto ID. It is unclear what affiliation Glen Harm had with Bartec, but it appears that he presently works for Dominion Technology Group, Inc. as manager of its Tire Pressure Monitoring Systems Division.

Bartec has filed a response in opposition to the renewed motion to compel, standing by its privilege log, and SPX has replied. The Court held a hearing on the matter on December 20, 2007.

II.

The plaintiff asks the Court for an order "compelling defendant Bartec to produce *all* of its pre-suit attorney-client communications relating to the '796 patent," as well as certain work product. Br. in Supp. at 1. According to the plaintiff, such materials would include "at least" twenty-five documents listed in the first amended privilege log. *Ibid.* The plaintiff believes it is entitled to all communications between Ryan Massey and the defendant bearing on the '796 patent because it intends to depose Massey and such informa-

tion will be needed to question him on how he formed the opinions expressed in the February 7, 2006 communication. The plaintiff also contends that every communication that came to or from Ryan Massey after the opinion was given is relevant in the evaluation of whether Mr. Massey should have updated his opinion. In addition, the plaintiff demands "[a]ll documents related to the subject matter of the '796 patent," regardless of whether Massey was the author or recipient, and regardless of whether the memoranda actually were communicated to Bartec. *Id.* at 6–7. The plaintiff also claims that the defendant has improperly withheld uncommunicated work product. This argument appears to target Massey's work product, but the boundaries of the request are unclear.

The defendant concedes that it is obligated to produce (and in fact has produced) Massey's February 7, 2006 opinion letter to the client and all other confidential attorney-client communications between Bartec and Massey having the same subject matter as Massey's February 7, 2006 opinion letter. However, the defendant insists that its waiver of privilege extends only to advice given and opinion counsel's work product that embodies or discusses an attorney-client communication regarding the possible invalidity, unenforceability, or non-infringement of the '796 patent. Therefore, Bartec maintains, it may assert its privileges for confidential attorney-client communications with trial counsel, work product of trial counsel, confidential attorney-client communications with Massey addressing matters different from the February 7, 2006 opinion, and Massey's work product that fails to discuss a confidential attorney-client communication between him and Bartec, even if the subject matter of such communication is the same as the subject matter of the February 7, 2006 opinion letter.

The parties agree on the basic premises that undergird the obligation of Bartec's attorneys to produce certain otherwise-privileged documents. Bartec, of course, proposes to fend off SPX's allegations that any infringement was willful by contending it acted reasonably in relying on the advice of counsel that the '796 patent was invalid or its activity did not amount to infringement. *See Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1389–90 (Fed.Cir.1983) (observing that when "a potential infringer has actual notice of another's patent rights, he has an affirmative duty to exercise due care to determine whether or not he is infringing. Such an affirmative duty includes, *inter alia,* the duty to seek and obtain competent legal advice from counsel before the initiation of any possible infringing activity"); *but see In re Seagate Technology, LLC,* 497 F.3d 1360, 1371 (Fed.Cir.2007) (overruling *Underwater Devices* to establish that "there is no affirmative obligation to obtain opinion of counsel"). Asserting that defense is tantamount to announcing an intention to make public theretofore confidential communications between lawyer and client, which constitutes a waiver of the privilege. It may waive other privileges as well, such as the work-product privilege. *See In re EchoStar Commc'ns. Corp.,* 448 F.3d 1294, 1299 (Fed.Cir.2006). It is the extent of that waiver that is presently in dispute.

The elements of the attorney-client privilege were summarized decades ago by Dean Wigmore as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.

8 Wigmore, Evidence (McNaughton rev. ed.1961), § 2292, p. 554; *see also Reed v. Baxter,* 134 F.3d 351, 355–56 (6th Cir.1998). To invoke the work-product doctrine, a party must show that the documents were prepared principally to assist in anticipated or ongoing litigation. *See* Fed.R.Civ.P. 26(b)(3); *In re Powerhouse Licensing, LLC,* 441 F.3d 467, 473 (6th Cir.2006). The law of the Federal Circuit governs when substantive issues such as willful infringement and the scope of waiver accompanying the advice of counsel defense impact discovery issues. *Advanced Cardiovascular Sys. v. Medtronic, Inc.,* 265 F.3d 1294, 1307 (Fed.Cir.2001).

Since the essence of the advice-of-counsel defense is the *advice* sought and received by the infringer, the Federal Circuit has held that communications by counsel to the in-

fringer concerning the infringement, validity, or enforceability of a patent fall squarely within the scope of the privilege waiver. Documents that memorialize oral communications to the client are discoverable as well. The court explained:

> [W]hen an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused. This waiver of both the attorney-client privilege and the work-product immunity includes not only any letters, memorandum, conversation, or the like between the attorney and his or her client, but also includes, when appropriate, any documents referencing a communication between attorney and client.

*In re EchoStar Communications Corp.*, 448 F.3d 1294, 1304 (Fed.Cir.2006). However, "counsel's legal opinions and mental impressions that were not communicated do not acquire such factual characteristics and are, therefore, not within the scope of the waiver." *Ibid.* The rationale for that limitation is elementary: "It is what the alleged infringer knew or believed, and by contradistinction not what other items counsel may have prepared but did not communicate to the client, that informs the court of an infringer's willfulness." *Id.* at 1303.

■ Once a waiver is effectuated, all communications on the same subject matter are subject to disclosure and are not protected by the attorney-client privilege. *See Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1350–51 (Fed.Cir.2005). "The waiver extends beyond the document initially produced out of concern for fairness, so that a party is prevented from disclosing communications that support its position while simultaneously concealing communications that do not." *Id.* at 1349.

The same cannot be said for the scope of the waiver of the work-product privilege, especially when opinion counsel and trial counsel are not the same. In *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed.Cir. 2007) (*en banc*), the Federal Circuit "clarif[ied] the scope of the waiver of attorney-client privilege and work product protection that results when an accused patent infringer asserts an advice of counsel defense to a charge of willful infringement." *Id.* at 1365. The issue in that case was the extent to which an advice-of-counsel defense impacts a waiver of privileges for communications with, and work product of, trial counsel, which, according to the privilege log, is part of the claim in the present case. The court reasoned that the question of an infringer's willfulness necessarily focuses on pre-suit activity. Consequently, "communications of trial counsel have little, if any, relevance warranting their disclosure, and this further supports generally shielding trial counsel from the waiver stemming from an advice of counsel defense to willfulness." *Id.* at 1374. On the waiver of the attorney-client privilege, the court concluded:

> In sum, we hold, as a general proposition, that asserting the advice of counsel defense and disclosing opinions of opinion counsel do not constitute waiver of the attorney-client privilege for communications with trial counsel. We do not purport to set out an absolute rule. Instead, trial courts remain free to exercise their discretion in unique circumstances to extend waiver to trial counsel, such as if a party or counsel engages in chicanery.

*Id.* at 1374–75. As to the work-product privilege, the court similarly held:

> An advice of counsel defense asserted to refute a charge of willful infringement may also implicate waiver of work product protection. Again, we are here confronted with whether this waiver extends to trial counsel's work product. We hold that it does not, absent exceptional circumstances.

*Id.* at 1375.

■ Based on these precedents, it is apparent that the demands of SPX for all documents in the possession of Bartec's attorneys is overbroad. Plainly, uncommunicated work product that does not memorialize a conversation between lawyer and client does not fall within the scope of a waiver recognized by the Federal Circuit and remains protected by the work-product privilege. In addition, communications with trial counsel that postdate the filing of the lawsuit—which in this case is October 30, 2006—most likely have

little bearing on the question of willfulness or Bartec's reliance upon counsel's advice to shape its accused pre-suit conduct. Furthermore, confidential communications that do not relate to the invalidity, unenforceability, or non-infringement of the '796 patent remain privileged. However, it is impossible to determine from the privilege log submitted by Bartec in this case whether any of the documents not produced fall within the protected categories.

■ Rule 26(b)(5) of the Federal Rules of Civil Procedure requires a party withholding information on the basis of a privilege to provide sufficient information to enable evaluation of that claim. The Rule states:

When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed.R.Civ.P. 26(b)(5). The burden of establishing the existence of a privilege rests with the party asserting it. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir.1999). To meet the dictates of Rule 26(b)(5), a privilege log is customarily provided. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir.1996). According to the Second Circuit, the privilege log should

identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between ... individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal

requirements for application of the privilege, his claim will be rejected.

*Ibid.* (internal quotes omitted).

■ As noted earlier, the parties agree that "[o]nce a party announces that it will rely on advice of counsel ... in response to an assertion of willful infringement, the attorney-client privilege is waived," *EchoStar*, 448 F.3d at 1299, and that when the attorney-client privileged is waived as to one communication, "the waiver applies to all other communications relating to the same subject matter," *Fort James*, 412 F.3d at 1349. Bartec has failed to sustain its burden of demonstrating that the withheld documents fall outside its acknowledged waiver, and therefore it has not established that either privilege applies to the documents. According to the privilege log, even the communications with trial counsel occurred before the lawsuit was filed, so they are not presumptively beyond the scope of relevancy identified by the *Seagate* court. There is not even a notation suggesting that some or all of the documents were not communicated to the client.

■ At the time of the motion hearing, Bartec submitted its third iteration of its privilege log (set forth above). Like its predecessors, it is woefully lacking in the detail necessary for Bartec to sustain its claims of privilege. As noted above, "when an alleged infringer asserts its advice-of-counsel defense regarding willful infringement of a particular patent, it waives its immunity for any document or opinion that embodies or discusses a communication to or from it *concerning whether that patent is valid, enforceable, and infringed by the accused.*" *EchoStar*, 448 F.3d at 1304 (emphasis added). The Court cannot determine from Bartec's submissions that the withheld documents concern anything other than that. Therefore, the Court cannot sustain Bartec's claim of privilege.

### III.

Because the Court cannot discern from the privilege log that any of the withheld documents are beyond the scope of the privilege waivers recognized by the Federal Circuit, despite Bartec's repeated submission of the various versions of those logs, the Court

concludes that Bartec has failed to sustain the burden of demonstrating that any valid privilege applies to the discovery sought by the plaintiff.

Accordingly, it is **ORDERED** that the plaintiff's motion to compel production of documents [dkt # s 54 and 107] is **GRANT-ED.**

It is further **ORDERED** that the defendants produce the withheld documents on or before **January 9, 2008.**